## NORTON *v.* NORTON.

*(Supreme Court, General Term, Fifth Department. June 23, 1888.)*

1. HUSBAND AND WIFE—LOAN BY WIFE TO HUSBAND—PROOF OF DELIVERY OF NOTES.

The notes in suit were in plaintiff's possession at the time of the trial. They were made to plaintiff for money loaned by her to her husband, who was defendant's intestate. Plaintiff testified that they had been given to her; but also said that when she lent her husband the money he made the notes, and put and kept them in a trunk where he kept other papers, and that she never called on him for the notes, or any part of them. The evidence showed, also, that the husband had stated to others that he owed plaintiff money for which he had given her a note or notes, and that on one occasion he requested plaintiff to bring some notes from the bedroom, and have the interest figured up. *Held*, that the evidence justified the finding that the notes had been delivered to plaintiff in the life-time of her husband.

2. SAME—IMPROVEMENT OF WIFE'S PROPERTY BY HUSBAND—IMPLIED PROMISE TO PAY.

No promise on the part of a wife to pay her husband for materials furnished and improvements made on premises belonging to her, but occupied by them together, is implied from her knowledge that the work was being done.

3. SAME—PROMISE TO PAY FOR IMPROVEMENTS BY HUSBAND—WHAT AMOUNTS TO.

Evidence that plaintiff, after the death of her husband, told the person who was afterwards appointed administrator that she was willing to do what was right in regard to certain improvements that had been made by the husband upon her property, which they had occupied together, and was willing to allow $500 for them, which proposition was not accepted, is not sufficient to establish a subsequent promise to pay for the improvements as having been beneficial to her.

Appeal from judgment on report of referee.

Action on promissory notes, brought by Chloe M. Norton against William Norton, as administrator of Philander H. Norton. Defendant appeals from a judgment in favor of plaintiff.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*M. Hopkins*, for appellant. *Thad. Collins, Jr.*, for respondent.

BRADLEY, J. The action was brought to recover the amount alleged to be due upon three promissory notes, made by the defendant's intestate, payable to the plaintiff, and bearing date January 15, 1882, January 15, 1883, and February 7, 1883. At the time the notes bear date, the plaintiff was the wife of the maker of them, who died in 1884. The defendant's counsel contends that there was a failure of proof to show that the notes were delivered by the maker to the plaintiff, and that it appears that they were not delivered. Although the relation of husband and wife existed between the parties to the notes at the time they were made, the fact that the notes express a consideration, and were in the possession of the plaintiff at the time of the trial, furnishes presumptively some evidence of their consideration and delivery. *Benedict* v. *Driggs*, 34 Hun, 94; *Cruger* v. *Armstrong*, 3 Johns. Cas. 5. There is some evidence tending to prove that the plaintiff loaned money to her husband, and that the notes were made on that account. In respect to the delivery of the notes, the evidence given by the plaintiff on being called as a witness on the part of the defendant was somewhat indefinite. While she testified that one of the notes to which her attention was called was given to her, and that her husband gave to her notes, she also said the notes were kept, with other notes, in a trunk, in which he had papers and accounts; that she let him have the money specified in the notes; that he took the money, and then made the notes, put them in the trunk, kept them himself; that all she, at the time of the trial, knew about the amount of money she let him have, was by the notes and their amount; and that she never called upon him for these notes, or any part of them. While this evidence does not necessarily show that the notes were not delivered by her husband to her, it presented a question of fact in that respect which would have supported a conclusion of the referee that they had no inception during the life of the defendant's intestate. There is, however, other evidence to the effect that the intestate, in the fall of 1882, said he owed the plaintiff some money, and had given her a note or notes, and that in 1883, in a conversation between them, he requested the plaintiff "to bring some notes from the bedroom," and have the interest figured up. The evidence altogether warranted the conclusion of the referee that the notes were delivered and became effectual during the life of the maker.

The further question arises upon the claim alleged in the answer of indebtedness of the plaintiff to her husband at the time of his death for materials and services in making repairs and improvements upon her premises, and for other services in and about her business. Upon that subject it appears that, about nine years before the husband's death, the plaintiff purchased a house and lot situated in the village of Palmyra, N. Y., and they then went to live and did reside on the premises together until his death, and she continued there; that the husband, during the time of their residence there, furnished materials, and made some improvements upon the lot, among which was the construction of a barn. The plaintiff had knowledge that he was doing this work as it progressed, but there is no evidence that she requested him to do it, or made to him any promise to pay for it. The contention is that, inasmuch as the improvements were made with her knowledge, a promise on her part to pay what they were reasonably worth was implied. We think that view cannot be supported. They were living upon the premises, and enjoying the use of them together. He was the head of the family, and it may be assumed that he, as an occupant with the plaintiff, expected to derive from them a benefit by way of enjoyment of the improvements so made. And, nothing appearing to the contrary, it would be presumed that this work was voluntarily done by him. At all events, no request would, under such circumstances, be implied to charge the wife with liability to him. *Ainsley* v. *Mead*, 3 Lans. 116; *Lynn* v. *Smith*, 35 Hun, 275; *Jones* v. *Walker*, 63 N. Y. 612. This is the consequence of the situation and relation of those parties,

and not of any want of capacity on the part of the wife to charge herself with liability, because, in respect to her separate estate, her marital relation does not deny to her the right to incur responsibility; and, when circumstances permit, her liability may rest upon a promise implied, as well as expressed. *Ackley* v. *Westervelt*, 86 N. Y. 448. As there was no evidence to charge the plaintiff with liability to the husband, the exclusion of the evidence of value of the improvements so made by him was not error.

Nor was there any evidence of a promise by the plaintiff, made after the husband's death, to support the counter-claim alleged in the answer. There was evidence tending to prove that, shortly after the death of her husband, in a conversation with the defendant, had, as is assumed, before he became administrator, the plaintiff said she was willing to do what was right for those improvements; that she was willing to allow $500 for them. This proposition was not accepted, and she declined to be bound by what others should say they were worth. So there appears no agreement on her part to pay any specific sum on account of them, or their estimated cost or value. There is therefore no evidence requiring consideration of the question of liability founded upon a subsequent promise to pay for that which is beneficial to the promisor, or which permits the application of that doctrine to this case. And whether there were any circumstances which can afford any equitable remedy to or in behalf of the creditors of the intestate in the event of the insolvency of his estate is not within the issues in this action. No other question seems to need consideration. The judgment should be affirmed.

BARKER, P. J., and HAIGHT and DWIGHT, JJ., concur in the result.