[No. 2454]

## LENA LOMBARDI, RESPONDENT, *v.* SAMUEL A. LOMBARDI, APPELLANT.

[195 Pac. 93]

1. HUSBAND AND WIFE—EXPENDITURE OF SEPARATE OR COMMUNITY FUNDS BY HUSBAND IN IMPROVING WIFE'S PROPERTY DOES NOT CHANGE TITLE.

 Expenditure by the husband of either his separate funds or the community funds of himself and wife in improving the wife's separate property does not operate to change title; as between them, in the absence of specific agreement, title to the improvements follows the land, for the presumption is that in the absence of agreement it was the intention of the husband to advance the money for the benefit of the wife's estate.

2. DIVORCE—FINDING OF TRIAL COURT ON CONFLICTING EVIDENCE CONCLUSIVE.

 The finding of the court trying a divorce case that there was no contract or agreement between plaintiff wife and defendant husband that the husband should make improvements on the wife's property with his separate funds to improve the premises as a home for himself and wife, etc., is conclusive; the evidence being conflicting.

3. HUSBAND AND WIFE—PROMISE BY WIFE TO PAY WHAT HUSBAND'S IMPROVEMENTS WERE REASONABLY WORTH NOT IMPLIED.

 On divorce the husband who has spent his separate funds in improving his wife's realty cannot successfully contend that, inasmuch as the improvements were made with the wife's knowledge and approval, a' promise on her part to pay what they were reasonably worth is implied.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action for divorce by Lena Lombardi against Samuel A. Lombardi, resulting in decree for plaintiff, and from order denying defendant husband's motion for new trial of the issues raised by his cross-complaint respecting the premises of the parties and his property rights therein, he appeals. **Order affirmed. Petition for rehearing denied.**

*J. H. Daly,* for Appellant:

There was a mutual agreement, between the plaintiff and the defendant, that the latter should build a house and furnish it, in the carrying out of an antenuptial understanding that he was to acquire and furnish a

home for both. The husband was to have an equal right with the wife in the shelter, use, and enjoyment of the home. The agreement was binding. Plaintiff's agreement with defendant, that he was to have an interest in the dwelling in consideration of his building and furnishing it, was valid, regardless of the interest which the wife previously held in the property. The court was not authorized to treat his investments either as community property or as the separate property of the wife, because in so doing the wife was acquiring the separate property of the defendant without compensation. Walker v. Walker, 41 Nev. 4. The rules of equity will not tolerate a wife to deceitfully deal with her husband to his financial loss and injury. Thomas v. Thomas, 109 Pac. 825. "That a court of equity would not encourage a married woman to perpetuate a fraud; and that, where she had received money upon a contract for the sale of land and the purchaser was induced to put valuable improvements upon it, the amount of money and the value of the permanent improvements should be charged upon the land." Frarey v. Wheeler, 4 Or. 190.

*Charles H. Burritt,* for Respondent:

There is no dispute as to the property being community property. The trial court, in its discretion, awarded it to the plaintiff; and in so doing, under all the facts, there was no abuse of discretion. Rev. Laws, 2166. The evidence sustains every finding of fact of the trial court. Appellant cites no authority in support of his claim of error.

By the Court, SANDERS, C. J.:

Lena Lombardi brought her action against Samuel A. Lombardi, her husband, for divorce, upon the ground of extreme cruelty. The court granted her a decree, together with alimony for the support and maintenance of their two children of the marriage, and adjudged and decreed the property occupied and used during the

coverture as a home by the parties since the date of their marriage in 1907 to be the separate property of the wife.

Being dissatisfied with that portion of the decree disposing of said property, defendant moved the court for a new trial of the issues raised by his cross-complaint respecting said premises, and his property rights in and thereto. The motion was overruled by the court, and he appeals from said order.

The appellant does not assail that portion of the decree granting a divorce, but it is contended by his counsel that, in so far as the decree adjudges the particular property described by metes and bounds and designated as 461 Vine Street, Reno, Nevada, to be the separate property and estate of respondent, free and absolved of any claim or claims, rights, title, or interest, in law or in equity, of the appellant, it is erroneous. The court's finding upon this branch of the case is as follows:

"Fifth—That the said plaintiff is the owner in her right by inheritance and in fee simple absolute of the real estate described in her complaint in said action, and since the 29th day of June, 1912, has been such owner of said lands and premises, more particularly known and described as follows, to wit:   *   *   *   which said property is hereinafter referred to by the shorter name of '461 Vine Street'; that prior to the marriage of the said plaintiff and the said defendant, and on, to wit, the 29th day of October, 1906, the said plaintiff, as one of the heirs at law of her deceased father, Louis Yori, late of the said county of Washoe, under and by virtue of a decree of distribution regularly made and entered in this court in the course of the administration of the estate of Louis Yori, deceased, the plaintiff's said father, became the owner by inheritance as aforesaid of an undivided one-tenth interest in and to all the lands and properties, real and personal, in said county of Washoe of which her said father died seized in said county of Washoe; that the said real estate consisted

of ranch and town properties, and included the lands, and premises known as '461 Vine Street.'

"Sixth—That the other heirs at law of the said plaintiff's father entitled to and who shared in the inheritance of the said estate of Louis Yori, deceased, under the decree of distribution, as set forth in paragraph numbered 'Fifth' above, and the proportionate parts so inherited by and distributed to them were as follows:    *    *    *

"Seventh—That the said Maria Yori, widow and one of the heirs at law of said Louis Yori, deceased, prior to the marriage of the said plaintiff and the said defendant was duly appointed by the court the guardian of the estate of Dora Yori and George Yori, the minor heirs of said Louis Yori, deceased, and qualified and acted as such until after the said minor heirs had reached their majority.

"Eighth—That after the 29th day of October, 1906, and prior to the marriage of the said plaintiff and the said defendant, the said heirs at law of the said Louis Yori, deceased, as aforesaid, and the said Maria Yori, as guardian of the estates of the said Dora Yori and George Yori, minor heirs, made and entered into an agreement with and amongst themselves to hold all of the estates of their several inheritance, as aforesaid, in common, and that Mark L. Yori should have the sole and exclusive possession, custody, and management of the common estate and properties, for the use and benefit of the said heirs for and until the said minor heirs should reach their majority; that the said Mark L. Yori accepted said trust and entered upon the discharge of his duties under said agreement and so continued to act until the 29th day of June, 1912; that on the said 29th day of June, 1912, at which time the said minor heirs had reached their majority, a settlement of the mutual accounts was had between the said heirs and the said Mark L. Yori, and an agreement was entered into between them, by mutual consent, for

the division of the real estate and all other properties;
that in pursuance of said agreement deeds were exe-
cuted and delivered by and between said heirs at law
on said 29th day of June, 1912, and in said division the
said plaintiff received a deed from the other heirs at
law of the other nine-tenths interest of, in, and to the
said property known as '461 Vine Street,' and from
thence hitherto, has retained in her own name and right,
the title, ownership, and fee of said property '461 Vine
Street.'

"Ninth—That on or about the month of March, 1907,
the said plaintiff and the said defendant, then being
husband and wife, took possession of the said premises,
'461 Vine Street,' as a residence, the said defendant then
and there having full knowledge that said property was
owned by the heirs of said Louis Yori's estate, and
agreeing with Mark L. Yori to pay rent therefor; that
the said Mark L. Yori then and there advised and
informed said defendant that he would adjust the rent
of said property with said defendant later; that no rent
was demanded by said heirs or by any one on their
behalf, and the said defendant paid no rent therefor,
but continued to live at '461 Vine Street' during the
ownership of the said heirs and up to the said 29th day
of June, 1912.

"Tenth—In the years 1908–1909, and while plaintiff
and defendant were living at '461 Vine Street,' Mark L.
Yori, in the administration of his trust as aforesaid,
expended about $625 of the community funds of said
heirs, converting an old barn on the said premises into
a cabin, which thereafter rented for $10 a month, the
rentals of which were received and credited by said
Mark L. Yori to the said community funds of said heirs.;
that in the settlement of the heirs in June, 1912, this
$625 was charged to and paid by the plaintiff from her
portion of cash in said estate; at the same time she was
charged with one-tenth of taxes paid from 1906 to 1912,
both inclusive, on the whole estate.

"Eleventh—During the occupancy by plaintiff and

defendant, as aforesaid, of '461 Vine Street,' and prior to June 29, 1912, to wit, in the year 1909, and prior thereto, the said defendant expended sundry sums of money in constructing a sewer, rebuilding the brick dwelling-house and other improvements in, on, and upon said premises, at an approximate cost of $2,900, the exact amount not being shown by the evidence; in making these improvements, alterations, and expenditures the said defendant made no contract or agreement with reference thereto with the said heirs at law of the said Louis Yori, with Mark L. Yori, as their representative, or with the said plaintiff; the alterations made upon the brick building were made upon plans approved of by the said plaintiff, but without any agreement otherwise; no claim was ever made by said defendant for reimbursement therefor from any one prior to August 10, 1918; that the said plaintiff and defendant continued to live as husband and wife and to occupy '461 Vine Street,' the defendant paying no rent, until the 10th day of August, 1918, at which date the said plaintiff left said premises with her children by reason of the extreme cruelty of the said defendant, and since said date the said defendant has been and now is in the exclusive possession of the said premises, and, upon repeated demands of the plaintiff to surrender to her the said property and to vacate the same, has refused and still refuses to do so, or to pay rental therefor.

"Twelfth—The property known as '461 Vine Street' is now and since June 29, 1912, has been, the separate property of the said plaintiff, the same being an inheritance from the estate of her deceased father, Louis Yori, who died prior to the marriage of the said plaintiff and the said defendant.

"Thirteenth—The said defendant has not established the allegations of his cross-complaint in said action except in so far as is specifically found by the court in previous findings in the preceding paragraphs herein."

1. Counsel for the appellant does not dispute the proposition that the expenditure by a husband of either

his separate funds or the community funds of himself and wife in improving his wife's separate property does not operate to change the title; that as between them, in the absence of any specific agreement to the contrary, the title to the improvements follows the land. Carlson v. Carlson, 10 Cal. App. 300, 101 Pac. 923; Shaw v. Bernal, 163 Cal. 262, 124 Pac. 1012; Smith v. Smith, 191 Pac. 60; 21 Cyc. 1426; 13 R. C. L. 1157.

The doctrine deducible from these, and from numerous other authorities that might be cited, is that, where no agreement has been made, "it must rather be presumed that it was the intention of the husband to advance the money paid for the benefit of the wife's estate, and that it was intended to accrue to her interest." Carlson v. Carlson, supra.

2. But counsel for appellant insists that the record in this case discloses that the improvements and expenditures were made by the husband, with his separate funds, upon the understanding between the parties that he was making said alterations and repairs for the purpose of improving the premises as and for a home for himself and wife, and that they would hold the property jointly. He asserts that, relying upon this understanding, the appellant was induced to make the improvements and expenditures, and argues from this, together with the facts and circumstances attending the making of said improvements, that it would be inequitable to allow respondent to retain the fruits of appellant's expenditures after having induced him to bestow them under the assurances mentioned, which she had failed to observe. This testimony is based entirely upon the testimony of appellant, given in his own behalf. This merely created a conflict in the evidence, and the finding of the court that there was no contract or agreement between the parties is conclusive as to that fact.

3. The contention that, inasmuch as improvements were made with respondent's knowledge and approval, a promise on her part to pay what they were reasonably worth is implied, is not supported. Norton v. Norton,

49 Hun, 605, 1 N. Y. Supp. 552; Nall v. Miller, 95 Ky. 448, 25 S. W. 1106; 13 R. C. L. 1366. If further authority be needed for this proposition, it may be found in the reference note:

"Right of one spouse to compensation or lien for improvements made on lands of other spouse." 14 Ann. Cas. 1178; Ann. Cas. 1912A, 1194.

The order denying and overruling appellant's motion for a new trial is affirmed.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.