DON BROOMFIELD AND EVELYN BROOMFIELD, APPELLANTS, v. A. J. KOVAL, RESPONDENT.

No. 3860

January 31, 1956.                    292 P.2d 1073.

*Milton W. Keefer* and *Paul L. Larsen,* of Las Vegas, for Appellants.

*Robert M. Callister,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an action brought to recover the balance due upon a contract for construction of a motel located in Las Vegas, Clark County, Nevada. The defense of the defendants which also formed the basis of a counterclaim for damages, is that the plaintiff negligently and in violation of contract failed to place the motel upon the lot where it should have been placed. The trial court found against the defendants upon this proposition and they have brought this appeal contending that the evidence does not support that finding.

On order made on written stipulation, the case was submitted on the briefs and without oral argument. We refer to the parties as they appeared in the court below.

It appears that the defendants own property fronting for 200 feet upon Fremont Street. The property was not subdivided into lots but it had been surveyed and a center line had been established. Defendants testified that it was the understanding between the parties that the motel should be placed upon the east half of the property so that the remaining half in its entirety could be held for speculation. Upon completion of the motel it was found to cross the center line, encroaching upon the west half 7.60 feet.

Even accepting these facts, however, the testimony of the plaintiff clearly supports the finding of the trial court. According to the plaintiff the defendants told him

where to place the motel and he placed it where they had told him to place it. He states when he had received his instruction in this respect there were two marker stakes upon the property purporting to establish the center line; that these stakes were pointed out to him by defendants and he was told by them to build a motel parallel to the line established; that he did so; that it was later determined that the marker stakes had been improperly fixed. The trial court accepted this testimony. Accepting its truth, in our view, it eliminates all question of a duty upon the plaintiff to determine for himself the proper location of the motel.

In the case of Friendly v. Larson, 62 Nev. 135, 144 P. 2d 747, it is stated: "The appeal presents almost exclusively questions of fact which have been resolved in favor of respondents by the trial court, and, of course, the findings of the trial court will be sustained if there is any substantial evidence in the record supporting them."

Judgment affirmed with costs.

MERRILL, C. J., and BADT, J., concur.