MARGARET KRAEMER, AKA MARGARET HAHN, INDIVIDUALLY, AND DBA FORTY NINER MOTEL, APPELLANT, v. WILLIAM D. KRAEMER, RESPONDENT.

No. 4261

May 20, 1960                                    352 P.2d 253

(Petition for rehearing denied June 28, 1960.)

*Edward G. Marshall,* of Las Vegas, for Appellant.

*G. William Coulthard* and *Franklin N. Smith,* of Las Vegas, for Respondent.

## OPINION

By the Court, PIKE, J.:

The parties are husband and wife, and this appeal is by the wife from a judgment in favor of the husband for $43,065.

The amount of the judgment represents the principal amount sought to be recovered by the husband in his suit against the wife. At the trial he had produced evidence in support of his claim that it represented money and the value of materials furnished by him as a loan to the wife. The purpose of the loan was to enable the wife to enlarge and improve motel premises owned by her before marriage and constituting her separate property.

The wife conceded the receipt of the money and the materials and that they were used to improve her separate property, but denied any indebtedness to the husband, contending that the money and materials constituted a gift from him to her. She also disputed the value of the materials furnished by the husband as being that of $6,050, seeking to prove that they had a lesser value and contended that as he had furnished no support to her during coverture, certain sums included in the total amount sought to be recovered by the husband should be deducted therefrom, in the event that the court should conclude that the money and materials were not a gift to the wife.

The husband testified that prior to the construction work being performed he and the wife had agreed that he was to advance the money to her as a loan. A contract of this nature between the spouses was permissible under provisions of the Nevada law, NRS 123.070. Although the husband produced no direct corroboration of his testimony relating to the actual entering into of the asserted oral agreement with his wife, two other witnesses called by him testified to being present and participating in conversations, with both spouses present, prior to the commencement of construction work on the motel premises. Each recounted a separate occasion when, with the wife and the witness both present, the husband had referred to lending the money to the wife to enable her to have the improvements added to her motel. There was no evidence that the wife expressed a view contrary to such arrangements on either occasion. The husband admitted that he had not furnished support for the wife, stating in that regard, "She had the income of the court [motel]." The wife had received money from property owned by her in another state and also from her mother, as well as rental income from the motel, in addition to the funds received from respondent during the period under consideration. She deposited and commingled the funds from these several sources. The construction costs for the ten units which were added to her motel, and the other improvements to the

motel, were included in the disbursements made by her from such deposits.

The wife's testimony denied that there had been an agreement between the parties that the advances by the husband to her constituted a loan, and also denied having participated in the conversations recounted by other witnesses which tended to show her knowledge or acquiescence relating to any such agreement. She did not testify and did not offer any other evidence to the effect that the husband ever made any direct statement to her that the advances were to be considered a gift from him to her. She did testify, however, that in connection with discussions between them relating to the contemplated improvements, the husband had said that he "would help me in any way he could." Language of this import was reiterated by her throughout her testimony.

The parties to this litigation were of mature years when they first became acquainted at the wife's motel in Las Vegas, Nevada about early September 1955. Two thousand dollars in cash was received by the wife from the husband in November 1955 prior to their marriage about January 15, 1956. This initial sum was followed by the delivery of a check for $15,000 from the husband to the wife in April 1956 and, including a sum transmitted by him to her on October 23, 1956, a total of some $34,700 of the funds under consideration had been received by the wife by that date. As indicated, all of these funds were advanced by the husband within a period of less than a year following the initial advance made by him in November 1955.

There is evidence that the new motel units and certain other improvements had been completed prior to the final advance made by the husband in the sum of $1,000 by check dated December 9, 1956. The proceeds of this last-mentioned check were used to pay for costs of paving in the motel area which, according to the husband, was not within the purview of the contemplated improvements to the premises.

The wife had purchased the motel premises, which then had some 17 rental units, in 1955 for a purchase

price of $120,000. Shortly after acquiring the premises she had listed them for sale and after the improvements here under discussion had been made and a swimming pool had been added, the premises were listed for sale with an asking price of $185,000.

The trial court, sitting without a jury, tried the issue of whether or not the entire amount advanced by the husband constituted a loan as contended by the husband or constituted a gift as claimed by the wife. Although the wife denied any oral agreement between the parties that the advances from the husband to her constituted a loan and had construed his oral expressions of wishing to do whatever he could to be of help to her as indicating his intention to treat the advances as a gift to her, she also placed reliance in a legal presumption asserted by her as applying to the factual situation relating to the advances. She argued that, in the absence of a specific agreement to the contrary, the use of the husband's separate property to improve the wife's separate property created a presumption of a gift from him to her, citing a decision of this court in Lombardi v. Lombardi, 44 Nev. 314, 195 P. 93. The decision of this court just referred to held that the expenditure by the husband of his separate funds to improve the wife's separate property, does not operate to change the title; that, as between them "in the absence of any specific agreement to the contrary," the title to the improvement follows the land.

The husband did not dispute the proposition of law referred to and relied upon by the wife, but urged that, as there had been a "specific agreement to the contrary" between the parties, namely, that the advances were to be considered loans, the oral agreement between them was within the recognized exception to the rule asserted by the wife.

Upon this conflicting evidence the trial court entered its written decision in favor of the husband, stating that he had "sufficiently carried the burden of proof and that the sums advanced by the plaintiff to the defendant

were intended to be, and were understood to be between the parties, a loan." This written decision of the court was followed by its findings and judgment in favor of the husband. As there is substantial evidence supporting the judgment, it must be affirmed. Bloomfield v. Koval, 72 Nev. 17, 19; 292 P.2d 1073, 1074.

Certain specifications of error by appellant, not already disposed of herein by the foregoing, require consideration. (1) Appellant refers to the fiduciary relationship existing between the husband and wife and reviews legal authorities, stating the requirement that any contract between them be fair and reasonable. We find the substance of the same requirement stated in the Nevada statute hereinabove referred to pertaining to contracts of this nature between the spouses. At the close of all the testimony the trial court reviewed at some length the relationship of the parties and stated, prior to the filing of its written decision and judgment, "That is the finding of this court with no dirty hands on either side." This and other concurrent expressions of the court negate any failure on the part of the husband to comply with the requirements of the law based upon the confidence and trust of the marital relationship, in entering into the agreement with the appellant. The agreement asserted by the husband was that the funds had been loaned by him to her. The relief sought by him was the repayment by her of the loan, together with the interest. The trial court entered judgment in favor of the husband for the principal amount of the loan and refused a judgment for interest, stating in its written decision as a basis for such denial that there was no proof that the loan was to bear interest, and in its findings that no rate of interest for the loans had been specified by the parties.

(2) Appellant also assigns error on the part of the trial court in its denial of appellant's motion to amend her answer to include the affirmative defense that the statute of frauds precluded recovery by the husband. This motion to amend was filed on August 24, 1959, several months after the conclusion of the trial. The

denial of the motion to amend was within the discretion of the trial court. Ramezzano v. Avansino, 44 Nev. 72, 80; 189 P. 681, 684.

Judgment affirmed.

BADT, J., and GREGORY, D. J., concur.

MCNAMEE, C. J., having disqualified himself, the Governor designated Honorable Frank B. Gregory, Judge of the First Judicial District Court to sit in his place and stead.