NANCY E. GIORGI, Appellant, v.
GINO G. GIORGI, Respondent

No. 4307

January 5, 1961                                    358 P.2d 115

*Lohse & Fry,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey & Thompson,* of Reno, for Respondent.

## OPINION

By the Court, PIKE, J.:

The parties to this appeal were formerly married, and will be referred to as husband and wife. They intermarried in February 1951, and the wife was granted a divorce from the husband in January 1960. Besides granting a divorce to the wife and determining certain other issues, the divorce decree contained provisions with reference to a dwelling house purchased by the parties in July 1951, with title granted to them as joint tenants, and toward the purchase price of which the husband had contributed funds owned by him before marriage and constituting his separate property. This appeal is from the portion of the judgment referred to, reading: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property situate at 2200 Dickerson Road, Reno, Nevada, shall be sold for a price of not less than $12,500.00, and that out of said sale price shall first be deducted the expenses of sale, and that the defendant shall then be paid the sum of $8,656.59 as his separate funds, and the balance of the sale price shall be divided equally between plaintiff and defendant."

The wife contends that the trial court exceeded its jurisdiction as set forth in NRS 125.150[1], and also that

---

[1]"125.150. 1. In granting a divorce, the court may award such alimony to the wife and shall make such disposition of the community property of the parties as shall appear just and equitable,

any separate funds of the husband placed in the premises are presumed to have been a gift by him to the joint tenancy.

Considering that the portion of the judgment appealed from undertook to restore to the husband his separate funds which had been applied toward the purchase price of the premises, the provisions of NRS 125.150 do not appear to have application to the instant factual situation. However, both parties to the appeal accept the proposition that the separate funds so paid by the husband were presumed to have been a gift to the wife or to the joint tenancy and that the burden was upon the husband to overcome such presumption by clear and convincing evidence. Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750; Peardon v. Peardon, 65 Nev. 717, 201 P.2d 309; Zahringer v. Zahringer, 76 Nev. 21, 348 P.2d 161.

The husband testified that the wife had repeatedly stated to him that, in the event of a divorce, she did not want to receive any of the property which he had before marriage. The wife did not in any way deny having made the statements and, from their nature and attendant circumstances, the trial court was justified in considering such statements as having been made at such times as to be applicable to the several occasions when the husband advanced his separate funds toward the purchase price.

The wife concedes that the husband made the down payment on the purchase price, in the amount of $2,840.59 from his separate funds. The husband testified that he paid off the balance of a first deed of trust on the property in the amount of $1,716 from his separate funds and, although the wife's testimony was that the funds were not so paid, the court was entitled to accept the husband's testimony on this point, and must be viewed as having done so.

having regard to the respective merits of the parties and to the condition in which they will be left by such divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children.

"2. The court may also set apart such portion of the husband's property for the wife's support and the support of their children as shall be deemed just and equitable."

The wife also testified that when the house was remodeled several years after the purchase, the husband sold certain Series "E" Bonds owned by him before marriage and used the funds toward the payment of such remodeling. There is no evidence as to the exact amount of the husband's funds used for this purpose. The wife testified that the husband used all of the separate property owned by him before marriage consisting of Series "E" Treasury Bonds, bank deposits, and cash, toward the acquisition of the home, but places the total value of the same as $6,000 or a little more. The husband was indefinite as to the exact value of the property which he owned before marriage, but estimated its total value as $10,000, of which $5,000 was represented by Series "E" Bonds, and that all of such property was invested in the house. At the trial, counsel for the husband stated to the court that the husband would seek credit for separate property applied toward the purchase price of the house, in the amount of $7,000.

Upon this appeal two issues require determination: (1) Did the trial court exceed its jurisdiction in entering the portion of the judgment appealed from. (2) Did the evidence support the judgment as to the amount ordered to be paid to the husband as his separate funds in the amount of $8,656.89.

(1) We conclude that the court did not exceed its jurisdiction by reason of the uncontradicted evidence, tending to establish an agreement on the part of the wife that, in the event of a divorce, she did not wish to receive any of his property owned by him before marriage which, by necessary implication, was a recognition of the husband's right to receive the same. This constituted substantial evidence supporting this aspect of the judgment and overcoming the presumption of a gift from the husband to the wife or to the joint tenancy, and will not be disturbed upon this appeal.

(2) The tangible evidence relating to separate funds of the husband invested in the property held in joint

tenancy consists of the down payment of $2,840.59, the payment made by him in discharging the first deed of trust in the amount of $1,716, or a total of $4,556.59. To the figure of $4,556.59 there should be added the amount advanced by the husband when the house was remodeled.

Although the wife does not concede that the husband's Series "E" Bonds had a value of $5,000 as testified by him, she testified that he cashed the bonds when the house was remodeled, and her testimony shows that at least part of the proceeds were then used in connection with such remodeling. The amount so used does not satisfactorily appear in the record. However, considering the wife's concession that at least $6,000 of the husband's separate property was used by him toward the purchase price of the home, the payment of the indebtedness thereon, or its remodeling, this concession, together with the other evidence referred to, warrants a conclusion that the husband furnished $6,000 of his separate property toward the home. Evidence of any amount so invested by the husband in excess of $6,000 is, however, so uncertain and indeterminate as to be speculative, and does not constitute substantial evidence supporting a finding or judgment for any larger sum. Clark County School District v. Mueller, 76 Nev. 11, 348 P.2d 164, 169.

We conclude that the evidence does not sustain the judgment of $8,656.89 to be paid to the husband, but that it does sustain a judgment in the amount of $6,000.

It is ordered that the provisions of the judgment be modified accordingly and, as so modified, the judgment is affirmed, with costs to appellant.

BADT, C. J., and McNAMEE, J., concur.