CHRISTINE T. HOPPER, Appellant, *v.* STUART P. HOPPER, Respondent.

No. 4717

June 3, 1964          392 P.2d 629

*Babcock & Sutton,* of Las Vegas, for Appellant.

*Singleton & DeLanoy* and *Rex A. Jemison,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

In this case the husband's separate property, a home, was improved by the construction of a swimming pool paid for by the separate funds of the wife. In a divorce action the trial court, in dividing property, failed to reimburse the wife for the cost of the swimming pool (about $3,000). That court reasoned that the law presumed a gift from the wife to the husband of the swimming pool cost, which presumption was not rebutted. The wife appeals.

In Lombardi v. Lombardi, 44 Nev. 314, 195 P. 93,

the husband expended his separate funds to improve his wife's separate real property. The court held that, in the absence of any agreement to the contrary, "the title to the improvements follows the land." (Cf. Kraemer v. Kraemer, 76 Nev. 265, 352 P.2d 253, where the court cited the Lombardi case, but found a specific agreement to consider the advances by the husband to the wife as loans rather than gifts.) Here the trial court apparently found no reason to consider the money paid by the wife for the swimming pool as a loan and, therefore, applied the rule of law announced in Lombardi. It was at liberty to do so, for some of the evidence is compatible with the legal concept of a gift from the wife to the husband, vesting title to the swimming pool in him.

Affirmed.

BADT, C. J., and McNAMEE, J., concur.