RILEY N. COCKRELL, APPELLANT, v. BILLIE BETTLES COCKRELL, RESPONDENT.

No. 5505

September 18, 1968                    445 P.2d 30

*Thomas L. Pursel,* of Las Vegas, for Appellant.

*Beko & Lemon,* of Tonopah, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

The husband in a contested divorce action appeals from a decision compelling him to return to his wife of four months certain real estate holdings which she deeded to him the day after their marriage.

In the trial court's decision the whimsy of our now departed good friend and jurist, the Honorable Peter Breen, described the marriage relationship of the parties as one where the husband at 45 was a vigorous man in his prime, but the wife at 63 had "already experienced the change from the autumn of her life to early winter." Riley Cockrell while examining some property Billie Bettles was selling noticed "a gleam in her eyes and love came quickly." The wife suggests the gleam may have had a commercial tint. Quick courtship followed. She gave him $1,100 so that he could pay his debts and marry her, which he did. She testified that one day after the ceremony she transferred real estate to him so that he could operate the property without interference from her relatives and would quit his job as a truck driver and stay at home. He claimed instead that it was an outright gift without reservations. The trial judge was satisfied that the transfer of real estate was not intended to be a gift, but that the transfer of $1,100 was. No appeal is taken from the judgment that the transfer of the $1,100 was a gift.

The parties and the trial judge ignored the presumption rule

elucidated in Peardon v. Peardon, 65 Nev. 717, 201 P.2d 309 (1948). See also Hopper v. Hopper, 80 Nev. 302, 392 P.2d 629 (1964); Giorgi v. Giorgi, 77 Nev. 1, 358 P.2d 115 (1961); Zahringer v. Zahringer, 76 Nev. 21, 348 P.2d 161 (1960); Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750 (1956); Lombardi v. Lombardi, 44 Nev. 314, 195 P. 93 (1921); In re Bishop's Estate, 209 Cal.App.2d 48, 25 Cal.Rptr. 763 (1962); In re Abdale's Estate, 28 Cal.2d 587, 170 P.2d 918 (1946). They chose instead to try the case on the substantial evidence rule. Therefore, the only issue is whether there was substantial evidence to support the trial court's judgment that the transfer of real estate was for management purposes only. Hopper v. Hopper, supra; Giorgi v. Giorgi, supra; Kraemer v. Kraemer, 76 Nev. 265, 352 P.2d 253 (1960).

Under either theory the record supports the judgment of the trial court.

We affirm.

THOMPSON, C. J., COLLINS, BATJER, and MOWBRAY, JJ., concur.