ARTHUR E. PEASE, AKA EMERY ARTHUR PEASE, APPELLANT, v. WESLEY S. TAYLOR, RESPONDENT.

No. 5909

March 25, 1970                     467 P.2d 109

Ross & Crow, of Carson City, for Appellant.

Lester H. Berkson, of Zephyr Cove, and Jerry C. Lane, of Carson City, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant Arthur E. Pease was one of three comakers of a 90-day, $16,500 promissory note dated September 15, 1966. Respondent Wesley S. Taylor was the named beneficiary of the note. The note was not paid. Taylor sued Pease for the $16,500 plus interest and attorney fees. Pease's only defense was that the transaction was usurious.[1] Pease contends (1) that an amount less than the $16,500 was advance by Taylor and (2) that from that amount Taylor further withheld "brokers' fees" that constituted prepaid interest in excess of the legal rate.[2] We cannot reach that question, because the findings of the district judge make no reference, express or implied, to the usury question.[3]

NRCP 52 provides in part:

"(a) Effect.   In all actions tried upon the facts without a

---

[1]NRS 99.050:

"1.   Parties may agree, for the payment of any rate of interest on money due, or to become due, on any contract, not exceeding, however, the rate of 12 percent per annum. Any judgment rendered on any such contract shall conform thereto, and shall bear the interest agreed upon by the parties, and which shall be specified in the judgment; but only the amount of the original claim or demand shall draw interest after judgment.

"2.   Any agreement for a greater rate of interest than herein specified shall be null and void and of no effect as to such excessive rate of interest."

[2]The oral testimony and documentary evidence received during the trial centered about that contention.

[3]"Now, THEREFORE, as Findings of Fact the Court finds:

"1.   That on or about September 15, 1966 the Defendant executed and delivered for valuable consideration a promissory note in the amount of $16,500.00 to Plaintiff, which note is in evidence as Plaintiff's Exhibit A.

"2.   That the Exhibit A promissory note has not been paid and is in default from September 15, 1966.

"3.   That Plaintiff is owed by Defendant the sum of $16,500.00

jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment . . . ."

It is true that this court has repeatedly held that even in the absence of express findings, if the record is clear and will support the judgment, findings may be implied. State ex rel. Dept. of Highways v. Olsen, 76 Nev. 176, 351 P.2d 186 (1960); Chisholm v. Redfield, 75 Nev. 502, 347 P.2d 523 (1959).

Not so, when the record is not clear, as in this case. Richfield Oil Corp. v. Harbor Ins. Co., 85 Nev. 185, 452 P.2d 462 (1969); Lagrange Constr., Inc. v. Del E. Webb Corp., 83 Nev. 524, 435 P.2d 515 (1967); Robison v. Bate, 78 Nev. 501, 376 P.2d 763 (1962); Janzen v. Goos, 302 F.2d 421 (8th Cir. 1962).

We therefore remand the case to the district court, so that adequate findings of fact and conclusions of law may be made by the district judge to the end that this court may appropriately review the issues presented on this appeal.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.

with interest thereon at 7% per annum from September 15, 1966 until paid.

"4.   That pursuant to the terms of said note the Plaintiff is entitled to reasonable attorneys fees.

### "CONCLUSIONS OF LAW

"1.   That Plaintiff is entitled to Judgment in the sum of $16,500.00 together with interest thereon at 7% per annum from September 15, 1966 until paid.

"2.   That Plaintiff is entitled to reasonable attorneys fees in the sum of $2,500.00."