RICHARD L. HARDY, Appellant, v. FIRST NATIONAL BANK OF NEVADA, a National Banking Corporation, Respondent.

No. 6237

December 28, 1970 478 P.2d 581

*Lester H. Berkson,* of Stateline, and *Jerry C. Lane,* of Carson City, for Appellant.

*Belford & Anglim,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

Appellant Richard L. Hardy was sued on three short-term notes on October 13, 1967. These notes represent second renewals of notes first executed in February 1966 and renewed in May 1966. Appellant was the lone signator on two notes and was joined by his brother, who is not a party to this appeal, on the third. At the time the notes were renewed in May, appellant's employer, Harold Chisholm, was also a signator on one note, but his name does not appear on the later renewal, so appellant and his brother were the only parties-defendant below.

This matter was set for trial by an order dated April 22, 1968 but was subsequently taken off the calendar. Before a new trial date was set, appellant demanded a jury trial. This demand was denied.

After a trial to the court, respondent's prayer for relief was granted. Judgment was entered against appellant for the amount of the three notes. In his findings of fact, Judge Waters did not make specific findings with regard to the affirmative defenses asserted by appellant. Appellant moved to amend the findings of fact so as, in effect, to release him from liability on the note which in May had also been executed by Harold Chisholm. This motion was denied. From that denial, as well as the judgment and the denial of the demand for a jury trial, Hardy appeals.

1. NRCP 38(b) specifies that demand for a jury trial is to be made "not later than the time of entry of the order first

setting the case for trial." Here, the demand for a jury trial was first made a year after the matter was first set for trial, and after it was reset for trial several times. Therefore, appellant waived his right to demand a jury trial under NRCP 38(b) and was compelled to proceed under NRCP 39(b) or (c), which he did not do.

2. Appellant urges that reversal of the judgment is required by NRCP 52(a) because of Judge Waters' failure to make specific fact findings as to the affirmative defenses. Certainly, such a failure may constitute reversible error. Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970). Where the record is clear and will support the judgment, however, findings may be implied. *Id.* Here, the record does, indeed, clearly support the judgment so the necessary findings will be implied.

Appellant also urges that the judgment is defective because in the conclusions of law the term "executed" was used, rather than the term "signed," thereby rendering the finding of fact a conclusion of law. It is evident that Judge Waters intended to use "execute" in the sense of "sign." Appellant's contention sanctifies form and overlooks substance. Cf. Bowman v. Tisnado, 84 Nev. 420, 442 P.2d 899 (1968).

3. Other matters raised here by appellant relate to the soundness of factual bases necessary to support the judgment, namely, whether there was consideration for the original notes and whether respondent agreed not to hold appellant on the second renewal notes until Harold Chisholm also signed them. On both these questions there is ample evidence to support Judge Waters' findings so they will not be disturbed on review.
Affirmed.