## TYRONE HAVAS, DBA COURTESY MOTORS, APPELLANT, *v.* JAY R. LOVE, RESPONDENT.

### No. 7205

October 17, 1973                    514 P.2d 1187

*Franklin & Bartley,* of Las Vegas, for Appellant.

*Boyd, Leavitt & Freedman,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Mr. Havas appeals from a judgment of the court sitting without a jury which gave judgment to Mr. Love in his action to recover the amount paid toward the purchase price of a motor bus.

In July of 1970 Mr. Love consulted the appellant about the purchase of a camper trailer. An agreement was reached between the parties and several adjustments were made to Mr.

Love's automobile to ensure that it could pull the trailer without overheating. Despite the installation of a transmission cooler, Mr. Love's car overheated when he attempted to haul the camper to his home. Appellant thereafter accepted the return of the trailer and permitted Mr. Love to apply his $500.00 down payment toward the purchase of a motor bus. A contract of purchase was signed by the respondent who made an additional down payment of $500.00. On the day that Mr. Love was to accept delivery of the bus he noticed smoke coming from the air conditioning unit. After a wait of three or four hours during which the appellant attempted to repair the bus Mr. Love again observed smoke and fumes coming out of the motor and from underneath the hood of the vehicle. At this time Mr. Love informed the appellant that he no longer wanted this particular bus. Appellant demanded that he take the bus and refused to provide another in acceptable condition.

1. Appellant contends that the trial court erroneously applied the Uniform Commercial Code as adopted in the State of Nevada. NRS 104.1101 et seq. We find this contention to be without merit. Unless otherwise agreed, goods sold in this state carry an implied warranty of merchantability, that is, that the goods are at least fit for the ordinary purposes for which they are used. NRS 104.2314(2)(c). If goods purchased pursuant to a contract or tender of delivery of such goods fail in any respect to conform to the contract, the buyer may reject them within a reasonable time after their delivery or tender. NRS 104.2601, 104.2602.

The record in this case supports a finding that the motor bus sold to the respondent was not fit for its intended use and failed to conform to the implied warranty of merchantability contained in the purchase agreement. Whether the court believed Mr. Love's testimony that he did not drive the bus from the appellant's lot or the appellant's testimony that the bus was driven away but returned later the same day or the following day, the court could reasonably find that rejection took place within a reasonable period of time. Having rightfully rejected the goods, Mr. Love was entitled to recover that part of the purchase price which had been paid. NRS 104.2711.

2. Appellant assigns as error the trial court's failure to

make written findings of fact and conclusions of law. Where findings are not made or requested but the record is clear and will support the judgment, findings may be implied. Cf. Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970).

The decision of the lower court is affirmed.