C. DOUGLAS GORDEN, Appellant, *v.* JANET E. GORDEN, Respondent.

No. 8696

September 19, 1977                                        569 P.2d 397

*Diehl, Recanzone & Evans* and *Mario G. Recanzone,* Fallon, for Appellant.

*Michael F. Mackedon,* Fallon, for Respondent.

## OPINION

By the Court, BREEN, D. J.:[1]

In his efforts to disentangle Douglas and Janet Gorden from each other following the end of their marriage, the trial judge granted a divorce, divided the property and made the following finding:

---

[1]The Governor, pursuant to Article 6, Section 4, of the Nevada Constitution, designated the Honorable Peter I. Breen, Judge of the Second Judicial District, to sit in place of the HONORABLE DAVID ZEN-OFF, Justice, who voluntarily disqualified himself in this case.

> That the parties have various items of property, real and personal, which might be classified as either community property, joint tenancy property or separate property, and that whether same is community property or separate property and on the merits of the case such property should be equitably divided as follows:

Douglas complains of this finding. He says that he is denied an effective appeal because the court did not clearly state its decision on what property was and was not found to be separate property, community property and joint tenancy property.

At the time of the divorce, the parties had a residence, a lot in Fallon, a nine acre parcel "on the river", two secured promissory notes, some small bank accounts, automobiles and other personal property. Janet had the residence from a prior marriage and title remained in her name during her marriage to Douglas. Title to the rest of the real property and securities was placed in joint tenancy. The residence was remodeled and improved with separate funds Douglas received from an inheritance. The rest of the realty and promissory notes were also acquired with these funds.

It is clear from the record that the trial judge made an equal distribution of all of the property, both real and personal, using the increased net value of the home by reason of mortgage payments and improvements, the joint tenancy property and all contributions by way of installment payments. There is no other reasonable reading of the record. Janet received benefits from Douglas's inheritance monies through the house improvements and the investment purchases. She is not complaining of this method of division. Douglas complains, primarily, because Janet received one of the jointly held notes and the value of the additions to the residence as her share.

This court has held that in the absence of express findings, it will imply findings where the evidence clearly supports the judgment. Hardy v. First Nat'l Bank of Nev., 86 Nev. 921, 478 P.2d 581 (1970); Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970).

Where, as here, the court's decision is clearly supported by the record, we will not reverse because the necessary findings will be implied. The necessary findings are that Douglas made a gift of his separate inheritance when he purchased the notes and property and placed them in joint tenancy; and, that the additions to the house were not conditionally made by Douglas.

There was very little evidence concerning the intent of the parties when entitling the property in joint tenancy. Janet denied that any discussions took place and Douglas claimed that there were discussions, the general drift of which was for the protection of his children.[2]

When separate funds of a spouse are used to acquire property in the names of the husband and wife as joint tenants, it is presumed that a gift of one-half of the value of the joint tenancy property was intended. The presumption is overcome only by clear and convincing evidence. Giorgi v. Giorgi, 77 Nev. 1, 358 P.2d 115 (1961); Weeks v. Weeks, 72 Nev. 268, 302 P.2d 750 (1956); Peardon v. Peardon, 65 Nev. 717, 201 P.2d 309 (1948). The record before us does not suggest clear and convincing proof to overcome the presumption. It clearly supports the judgment of the trial court; therefore, the absent finding will be implied.

The expenditure of separate funds to make additions or improvements to a spouse's separate property raises the presumption that the husband intended to benefit the wife's property. Hopper v. Hopper, 80 Nev. 302, 392 P.2d 629 (1964); Lombardi v. Lombardi, 44 Nev. 314, 195 P. 93 (1921).

There is no evidence in the record to rebut that presumption. Thus, while the apportionment of these funds by the trial judge in his decision may be questionable from Janet's standpoint, Douglas is in no position to claim reimbursement.

---

[2]The only testimony from Douglas regarding the reasons for placing the property in joint tenancy was the following exchange:

"Q. Can you explain to me why the title was taken in joint tenancy?

"A. At the time the marriage was going good, and my ex-wife—I didn't want her to be able to get control of any of my property or money or things that I had, and I felt at that time that my children would be looked after if something happened to me, and I thought the marriage was in good shape at the time, and I thought that this would be a good way to protect them and me if something happened to me. I felt that she would be in control of the property and could look after the children, and I knew that she would be through school, and so on.

"Q. Did you ever discuss this with your wife?

"A. Yes.

"Q. And did you explain to her the reason why you were putting this property in joint tenancy?

"A. I don't know if I used the term 'joint tenancy,' but this was the understanding that we had. That term doesn't mean that much to me."

The trial court required Douglas to pay Janet $2,100, expressly stating this was by way of further division of "the property of the parties and not by way of alimony." The court may make use of separate property of a spouse to make an equitable adjustment of property which does belong to the parties. This court has approved the use of separate funds as a set-off against an indivisible asset or an asset which is impractical to divide and which the court can divide. Johnson v. Johnson, 76 Nev. 318, 353 P.2d 449 (1960); Thorne v. Thorne, 74 Nev. 211, 326 P.2d 729 (1958). There is nothing in this portion of the division of which Douglas may complain.

Douglas has raised the contention that NRS 125.150, the alimony statute, is unconstitutional. The trial court has expressly denied the award of alimony and we cannot consider this question.

The judgment is affirmed.

BATJER, C. J., and MOWBRAY, GUNDERSON, and THOMPSON, JJ., concur.