An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RON N. BRADY, SR.,
Appellant,
vs.
LYLE K. HIRATA, INDIVIDUALLY;
GARY MIKUNI, AS TRUSTEE OF THE
JEAN K. HIRATA LIVING TRUST DATED
JUNE 27, 2004; JEAN K. HIRATA LIVING
TRUST DATED JUNE 27, 2004; AND ALL
HEIRS, KNOWN OR UNKNOWN,
CLAIMING ANY RIGHT, TITLE, ESTATE
OR LIEN IN THE REAL PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO PLAINTIFF'S
OWNERSHIP OR ANY CLOUD UPON
PLAINTIFF'S TITLE THERETO,
Respondents.

No. 62394

FILED

APR 16 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court judgment after a bench trial in a contract action. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

Respondent Lyle K. Hirata and his mother, Jean Hirata, owned an apartment complex in Las Vegas and discussed selling the property to appellant Ron Brady. After negotiations, Brady assumed the existing mortgage and he was to pay the Hiratas approximately $250,000. A letter of intent was signed, but a purchase agreement was never executed and Brady never paid the $250,000. But Brady took possession of the property and made repairs and upgrades in excess of $350,000. Jean Hirata transferred her interest in the property to respondent Jean K. Hirata Living Trust, but neither Lyle nor Jean informed Brady of the transfer. Brady attempted, but was unable, to refinance the property so

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11487

that he could pay Lyle the $250,000. Respondent Gary Mikuni was appointed trustee of Jean's trust and wrote a letter to Brady demanding an accounting of the rents and expenses of the property and thanking him for serving as a property manager. In response, Brady filed the underlying litigation against Lyle and the trust, and Lyle and the trust asserted counterclaims. After Brady missed two mortgage payments, the bank foreclosed on the property. Shortly before the bench trial, Mikuni resigned as trustee, but the district court allowed the trust, through counsel, to proceed and defend at trial. After the bench trial, the district court found for the defense on Brady's claims, found for Brady on the counterclaims, and ordered all parties to bear their own attorney fees and costs. Brady appealed.

Brady first argues that default should have been taken against the trust because Mikuni resigned as trustee shortly before the bench trial. Regardless of the validity of Mikuni's resignation, the trustee had previously authorized counsel to appear for the trust in the underlying litigation, and this counsel and the trust beneficiary, Lyle Hirata, did appear at trial. The trust was therefore adequately represented at trial, and default was not appropriate. *See Cowen v. Knott*, 252 So. 2d 400, 402 (Fla. Dist. Ct. App. 1971) (noting that "ample authority" permits a trust beneficiary "to appear and defend" at trial if "the trustee fails to do so"). To the extent that Mikuni was unavailable for trial, the parties agreed to submit his deposition testimony in lieu of his direct testimony. Accordingly, we do not perceive any error requiring reversal regarding Mikuni's resignation as trustee.

Next, Brady argues that the district court failed to make findings of fact concerning his fraud claims. In the case of missing

findings of fact, "if the record is clear and will support the judgment, findings may be implied." *Pease v. Taylor*, 86 Nev. 195, 197, 467 P.2d 109, 110 (1970). Here, the district court listed the elements of the causes of action for intentional and negligent misrepresentation, the fraud claims, but did not make any specific findings concerning them. Nevertheless, the district court did find that, while Brady failed to make two mortgage payments, leading to foreclosure, he could have made those mortgage payments from the property revenue, and that "it was not clear from the evidence" whether the failure of the property sale and the ultimate foreclosure was caused by Brady's financial situation or Mikuni's involvement in the pending sale. In other words, Brady did not prove that the respondents' actions or omissions caused Brady's damages. After reviewing the record, we conclude that it supports the judgment and that reversal is not warranted. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Valerie Adair, District Judge
Nathaniel J. Reed, Settlement Judge
Ron N. Brady, Sr.
Meier & Fine, LLC
Eighth District Court Clerk

---

[1]Brady's April 21, 2014, motion to expand the record is denied.