# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF WORCESTER, SEPTEMBER TERM 1859,
AT WORCESTER.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. GEORGE T. BIGELOW, } Justices.
Hon. PLINY MERRICK,

RUEL ROBINSON & another *vs.* WILLIAM A. RICHARDSON, Judge
of Probate and Insolvency for the County of Middlesex.

The *St.* of 1856, *c.* 284, § 86, providing for the issuing of warrants by judges of insolvency
on the complaint of an assignee, to search for property of the debtor, is unconstitutional
and void.

MERRICK, J. This is a petition for a writ of mandamus, to
be addressed to the respondent, requiring him, in the discharge
of his official duties, to receive the complaint theretofore pre-
sented to him by the petitioners, and to hear the evidence which
they shall produce in support of the allegations therein set forth;
and if he shall thereupon be satisfied that they have reasonable
cause for the belief therein by them expressed, to grant to them

as assignees of the estate of Isaac E. Stevens, an insolvent debtor, or to the messenger appointed to take possession of his estate, a warrant to search in the places and for the property and books of account in their said complaint particularly men tioned and described.

This petition, in pursuance of the provisions of § 38 of the *St.* of 1859, *c.* 196, was presented to one of the justices of this court, by whom, after the respondent had filed his answer, the parties were heard.

Upon that hearing it appeared that the petitioners had been duly appointed assignees of the estate of said Isaac E. Stevens, an insolvent debtor, and that they had theretofore, as alleged in their present petition, made and presented to the respondent a written complaint, in due form of law, and upon their respective oaths, wherein they represented and affirmed that there was rea- sonable cause to suspect and believe, and that they did suspect and believe, that certain property and books of account, belong- ing to the estate of said Stevens, were secreted and concealed in the several places by them therein mentioned and described, and thereupon prayed that a warrant might be granted, accord- ing to law, to search for the same. This complaint was received by the respondent; but he refused to hear the evidence offered in support of the allegations set forth in it, or to issue the warrant prayed for in pursuance of the provisions of the *St.* of 1856, *c.* 284, § 36, upon the ground that the proceedings therein au- thorized are in violation of the constitutional right of every citizen to be secure from all unreasonable searches and seizures of his person, his houses, his papers and all his possessions. Declaration of Rights, art. 14.

The questions of law and of right, arising upon these facts, involving an inquiry into the validity of the provisions of an act of the legislature, enacted in observance of all the formali- ties required by law, and being also of great public and practical importance, it was deemed advisable by the justice by whom the petition was heard, that it should be adjourned into this court for final adjudication. *St.* 1859, *c.* 196, § 38.

The statute provides that whenever complaint shall be made

by the messenger or assignees of the estate of an insolvent debtor to any judge of insolvency, that there is reason to suspect and believe, and that they do suspect and believe, that any personal property, or any books, deeds, documents, securities, papers or writings, belonging to his estate, are secreted or concealed in any particular house, premises or other place, such judge is authorized and directed, if he shall be satisfied that there is reasonable cause for such belief, to grant a warrant to the messenger or assignees to search for such property, &c.; and that it shall be lawful for such messenger or assignees to execute the warrant according to its precept; and that the messenger or assignees shall be entitled to the same protection as is allowed by law in the execution of a search warrant for property reputed to be stolen and concealed. *St.* 1856, *c.* 284, § 36.

The question then directly arises, whether it is within the constitutional power of the legislature to confer authority upon any magistrate or judicial tribunal to issue a warrant under the circumstances and for the purposes in the statute enumerated and described, or upon any officer or citizen a right to serve and execute it. And this is the only question which there is any occasion now to consider; for if such a warrant cannot lawfully be issued or served, it would have been wholly useless for the judge to whom the complaint was presented, to have investigated or ascertained whether the complainants had reasonable cause for their alleged suspicion and belief. It would certainly have been useless, and was therefore unnecessary, to receive evidence or institute inquiries concerning the truth of allegations, upon which, however clearly they might be established, nothing could be done, because the relief and process prayed for could not lawfully be granted.

Search warrants were never recognized by the common law as processes which might be availed of by individuals in the course of civil proceedings, or for the maintenance of any mere private right; but their use was confined to cases of public prosecutions, instituted and pursued for the suppression of crime or the detection and punishment of criminals. Even in those cases, if we may rely on the authority of Lord Coke,

their legality was formerly doubted; and Lord Camden said that they crept into the law by imperceptible practice.    But their legality has long been considered to be established on the ground of public necessity, because without them felons and other malefactors would escape detection.    *Entick* v. *Carrington*, 19 Howell's State Trials, 1067.    1 Chit. Crim. Law, 64. The principles upon which the legality of such warrants could be defended, and the use and purpose to which, by the common law, they were restricted, were well known to the framers of our constitution.    *Commonwealth* v. *Dana*, 2 Met. 336.    Having this knowledge, it cannot be doubted that by the adoption of the 14th article of the Declaration of Rights it was intended strictly and carefully to limit, restrain and regulate the granting and issuing of warrants of that character to the general class of cases, in and to the furtherance of the objects of which they had before been recognized and allowed as justifiable and lawful processes, and certainly not so to vary, extend and enlarge the purposes for and occasions on which they might be used, or to make them legal and available in the course, or for the maintenance, of civil proceedings.    All searches therefore, which are instituted and pursued upon the complaint or suggestion of one party into the house or possessions of another, in order to secure a personal advantage, and not with any design to afford aid in the administration of justice in reference to acts or offences in violation of penal laws, must be held to be unreasonable, and consequently under our constitution unwarrantable, illegal and void.

The provisions of the *St.* of 1856, *c.* 284, § 36, seem clearly to be obnoxious to this objection.    The search warrant which the judge of insolvency is thereby, upon the complaint of the assignees of an insolvent debtor, authorized to grant, has no relation to alleged criminal acts, or the support of any public prosecution, but is to be used exclusively in mere civil proceedings, and as a remedial process in cases where nothing but a personal claim or the right to prosecute a private suit is involved.    Any authority given for such purposes is in violation of the fundamental principle that every citizen is entitled to

be free from all unreasonable searches of his houses and possessions, and therefore it cannot lawfully be conferred.

The provisions in this section of the statute are also objectionable for other reasons. The warrant to be issued allows a search in the places and for the property described in it. But this is all. The property, if found, is not to be seized, attached, removed or secured; nor is the person, in whose possession it is found, to be notified or summoned to appear before any tribunal or magistrate to account for his possession, or to vindicate any claim he makes to it; and no provision is made for any proceeding under the warrant, by which the conflicting rights which different parties may assert may be inquired into or determined. The search therefore, which is thus allowed to be made, is solely for discovery of evidence for the benefit of the party upon whose complaint the warrant is granted, and of which he may desire to avail himself in the prosecution or defence of some other distinct and separate civil suit or proceeding. This is manifestly an unreasonable exercise of power. Certainly no person ought to be compelled to disclose any facts or information to be given as evidence against himself or his own individual interest, until he has at least had an opportunity of urging his objections, and has then been required to do so by some competent judicial tribunal having authority and rightful jurisdiction to decide the question.

For these reasons, that portion of the statute which authorizes the granting of a search warrant on the complaint of assignees of an insolvent debtor, to be served and executed in the manner and for the purposes therein stated, must be held to be invalid. The judge of insolvency for the county of Middlesex therefore rightly refused to grant the prayer of the complainants, as set forth in their complaint, and their present petition for a writ of mandamus must accordingly be dismissed.

*F. H. Dewey & H. Williams,* for the petitioners.

NOTE. By the Gen. Sts. of 1860, the *St.* of 1856, *c.* 284, is repealed, and the provisions of § 36 are not reënacted.