ANTHONY P. LUCIANO, Petitioner, v. HONORABLE GEORGE E. MARSHALL, Senior Judge of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark; WILLIAM C. DIERCKS and VIRGINIA DIERCKS, His Wife; IAMA CORPORATION, a Nevada Corporation; RALPH LAMB, Sheriff of Clark County, Nevada, Respondents.

No. 10902

April 11, 1979                                          593 P.2d 751

[Rehearing denied June 13, 1979]

*Clark and Zubel,* Las Vegas, for Petitioner.

*Albert G. Marquis,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

In this original proceeding, petitioner, Anthony P. Luciano, seeks a writ of mandate directing the respondent Judge to vacate a money judgment[1] entered below, and to permit petitioner to proceed to trial on an amended complaint.

Petitioner also seeks an order directing respondent sheriff to return certain personal property seized pursuant to a search order entered "in pursuance of execution" of the civil judgment.

Petitioner Anthony P. Luciano commenced this action against defendants William C. and Virginia Diercks and IAMA Corporation (hereafter Diercks), seeking specific performance, or, alternatively, reformation of a sub-lease agreement claiming that the Diercks had failed to secure their landlord's consent to the full term contemplated by the agreement.

The Diercks filed a counterclaim for restitution of the premises predicated upon alleged breaches of the sub-lease agreement. The case came on for trial, at which time the Diercks produced their landlord's written stipulation extending the full term of the lease as sought in the complaint. Luciano's then counsel of record moved for a continuance claiming surprise.[2]

Then followed a conference between the court and counsel, culminating in the entry of an order dated May 5, 1978, drafted by counsel for the Diercks and approved by Luciano's counsel who initialed the order. This order became the predicate for the very judgment, entered May 26, 1978, which petitioner now

---

[1] Petitioner has abandoned his request for relief from that part of the judgment awarding possession of the property to respondents Diercks.

[2] MR. KEEFER: Your Honor, in the light of the situation developed, we claim surprise as a result of this stipulation. We're going to move the Court for a continuance of this matter for the purpose of moving to modify the complaint to include a cause for rescission.

And that's based upon these two grounds: First, surprise as a result of the stipulation and the order granting the term of the lease that was prayed for in the first cause of action; second, upon the ground that the equipment is not available that was sold with the lease.

seeks to vacate by this extraordinary writ proceeding. Clearly, the court below had jurisdiction to enter the judgment, and that part of the instant petition seeking relief therefrom is manifestly meritless.

As regards the seizing of petitioner's property, we reach a different conclusion. The procedure was not authorized by statute, and it constituted a violation of petitioner's constitutional right to be free from unreasonable search and seizure.

NRS 21.050 provides that a money judgment "shall be enforced" by execution. Statutory procedures supplementary to execution are spelled out at NRS 21.270–21.340, and nowhere do they authorize such an order. The statutory grounds upon which a search warrant may be issued are set forth in NRS 179.035, and are limited to searches for the fruits, instrumentalities and evidence of criminal activity. Petitioner was clearly entitled to return of his property under the statute, and his motion therefor should have been granted. NRS 179.085(1)(c).

Even could a statutory basis for the procedure have been found, the search of petitioner's residence, and wholesale seizure of his personal property therein, in aid of civil process, would have been precluded by the constitutional prohibitions against unreasonable searches and seizures found in the United States and Nevada constitutions. U.S. Const., Amend. IV. Nev. Const., Art. 1, § 18. As has been recognized, Allen v. Trueman, 110 P.2d 355, 360 (Utah 1941):

> Since the purpose of the interdiction against unreasonable searches and seizures appears to be primarily the protection of the individual against oppressive invasion of his personal rights, it has long been recognized that the use of such warrants should be carefully limited and controlled to attain the objects sought by the constitutional guaranties. Thus Judge Cooley in his "Constitutional Limitations" has said: "Search warrants are a species of process exceedingly arbitrary in character and which ought not to be resorted to except for very urgent and satisfactory reasons."
>
> Moreover, it has generally been recognized that the legitimate use of the search warrant is restricted to public prosecutions, and that in no event may such proceeding be invoked for the protection of any mere private right. . . .

The Supreme Court of Utah concluded that the plaintiff, who

sought return of property seized pursuant to statute, but who was neither arrested nor criminally charged with any crime, was entitled to restitution of his property, since the search and seizure was "unreasonable" under the state constitution. Similar conclusions are reached or reflected in State v. Derry, 85 N.E. 765 (Ind. 1908); Robinson v. Richardson, 79 Mass. (13 Gray) 454 (1859); State v. Dillon, 281 P. 474 (N.M. 1929); and People v. Kempner, 101 N.E. 794 (N.Y. 1913).

It is ordered that a peremptory writ of mandate issue commanding the respondent Sheriff of Clark County to return the property of petitioner. Petitioner's application for a writ of mandate commanding respondent court to vacate its money judgment entered against petitioner May 26, 1978, and further commanding the district court to proceed to trial upon his amended complaint is denied.