ROBERT H. GRIFFIN AND HUNEWILL LAND AND LIVESTOCK CO., INC., APPELLANTS, v. ROLAND D. WESTERGARD, STATE ENGINEER OF THE STATE OF NEVADA, RESPONDENT.

No. 10544

July 29, 1980                              615 P.2d 235

*Johnson, Belaustegui & Robison,* Reno, for Appellants.

*Richard H. Bryan,* Attorney General, and *Harry W. Swainston* and *Stephen C. Balkenbush,* Deputy Attorneys General, Carson City, for Respondent.

## OPINION

By the Court, McDaniel, D. J.:[1]

In 1967 and 1969, appellant Hunewill Land and Livestock Co., Inc. (hereinafter called Hunewill), and appellant Griffin, respectively, were granted permits to divert underground water to supplement their decreed surface water and storage rights from West Walker River in Smith Valley, Lyon County, Nevada. The well was to be located within the boundaries of the Smith Valley Artesian Basin as designated by an order of the state engineer issued on June 27, 1960. A permit is required before a well may be drilled in a designated basin. NRS

---

[1] The Governor designated the Honorable Joseph O. McDaniel, Judge of the Fourth Judicial District Court to sit in the place of JUSTICE CAMERON M. BATJER, who voluntarily disqualified himself. Nev. Const. art. 6, § 4.

534.050. In late 1969 applications to change the point of diversion were filed and new permits were granted to appellants. These permits were subject to cancellation upon the failure of appellants to file proof of commencement, completion and beneficial use prior to the dates set forth in said permits.

Appellants hired a well driller to drill their joint well to a depth of 500 feet. At 420 feet the well driller encountered hard rock and stopped. Despite the driller's assertion that the well would produce the desired quantity of water, after test pumping appellants were not satisfied. Appellants notified respondent of their problem and filed for an extension of time. The date for filing proof of completion was extended for one year with a warning that no further extensions would be granted. As appellants were unable to obtain a well driller's services within that time and were unwilling to establish a beneficial use of the water at the 420-foot level, a timely filing of completion and beneficial use was not filed. Notice of intent to cancel their permits was sent by respondent by certified mail and appellants were allowed a 30-day grace period within which to file both the proof of completion and proof of beneficial use. Upon expiration of this period, appellant Griffin's permit was cancelled on July 25, 1972 and that of appellant Hunewill was cancelled on August 2, 1972. No appeals were taken from these cancellations by either appellant. In late 1973, appellants employed another well driller to deepen the well to 500 feet, without first having obtained permits to do so. Additional water was produced in the deeper well. In early 1974 appellants contacted respondent relative to purchasing a pump. At that time, they were reminded that their permits had been cancelled and their only alternative was to apply for new permits in accordance with the applicable statutes. They allege that respondent indicated that, if there were no protests to their new applications, their permits would probably be granted. Respondent could not recall making any such statements. Applications for new permits were filed on April 18, 1974.

Appellants purchased a pump in 1974 and placed it in storage. They expended approximately $16,000.00 in drilling the well and purchasing the pump. Appellant Griffin purchased 200 acre feet of water to supplement his decreed surface water rights during the 1976 irrigation season, instead of installing the pump and using water from the well.

Appellants applied for new permits, and respondent published their applications as required by NRS 533.360 to allow any interested person to file a protest within 30 days of the last

publication. No protest was filed as to these applications. However, a protest was filed as to another pending application within the Smith Valley Artesian Basin which resulted in a public hearing on all pending applications for permits. Appellants were given notice of the hearing, to be held by respondent on December 16, 1976, and appeared at the hearing where evidence was adduced. On March 1, 1977, respondent filed a written ruling with findings of fact and conclusions of law. In making his findings, respondent relied upon Water Resources Bulletin No. 43, A Geohydrology of Smith Valley, Nevada, with Special Reference to the Water-Use, 1953–72. This bulletin was prepared cooperatively by the U.S. Department of Interior, Geological Survey, and the Nevada Division of Water Resources. That study estimated that the recharge from precipitation to the Smith Valley ground water reservoir was 17,000 acre feet per year and discharge by evapotranspiration by low-value phreatophytes and discharging bare soil was estimated to withdraw 13,000 ac. ft/yr. Use of ground water for irrigation is substantially less in years when surface water is readily available, however it is still estimated to average more than the 4,000 ac. ft/yr difference between the recharge and discharge through natural causes. The effect of granting any additional permits in the basin would either deplete the underground reservoir or the water would be replaced by infiltrating surface water from the West Walker River, which is over appropriated. If it depletes the underground reservoir, existing ground water rights will be impaired. If the additional water is replaced from the West Walker River, existing surface water rights will be impaired and it will be detrimental to the public welfare. Upon such findings, respondent was required by statute to deny all applications and ruled accordingly. NRS 533.370.

Appellants timely petitioned for judicial review in the district court, as provided by NRS 533.450. They alleged therein that respondent's findings were not supported by the record. While the review by the district court was pending, appellants installed the pump and commenced pumping water from the joint well during the first part of June of 1977. Respondent issued a cease and desist order. Appellants obtained a temporary order staying execution of this order on June 27, 1977 and they subsequently obtained a stay of execution pending the appeal to this court. After a hearing in the district court, respondent's ruling was affirmed. In its decision and judgment, the district court determined that, while appellants had apparently abandoned their contentions of insufficient evidence as to the availability of water, there was nonetheless sufficient evidence to support respondent's ruling in this regard. Appellants

relied on an equitable estoppel argument in the district court which found no basis for affording appellants equitable relief on this ground. This appeal followed.

In this appeal, appellants contend that: (1) the trial court erred in finding sufficient evidence to support respondent's ruling; (2) the trial court erred in refusing to grant appellants equitable relief; and (3) the trial court's failure to set out specific findings of fact and conclusions of law constitutes reversible error.

1. Appellants did not dispute the findings and conclusions of respondent as to the availability of underground water in the Smith Valley Artesian Basin. They now argue that these findings and conclusions are based on the cumulative effect of granting all of the pending permits and do not establish that the sole granting of appellants' permits for their joint well would impair existing rights. Appellants are mistaken. The findings and conclusions of respondent are that the granting of any new permits to appropriate underground water for irrigation in the Smith Valley Artesian Basin would impair existing rights and be detrimental to the public welfare. NRS 533.370(4) required respondent to deny any permit that would impair existing rights and prove detrimental to the public interest. *See also* NRS 534.110(3) and (7). The district court committed no error in finding that this issue was established by substantial evidence.

2. Appellants contend that respondent, by his alleged statements, had induced them into believing that their pending permits would be granted if there was no protest. They had expended $16,000.00 in drilling the well and purchasing a pump. However, the deepening of the well was an unlawful act. The cost of drilling the well to a depth of 500 feet was incurred under permits that had been cancelled.

In support of their contention that they are entitled to equitable relief, appellants cite State Engineer v. American Nat'l Ins. Co., 88 Nev. 424, 498 P.2d 1329 (1972). In *State Engineer,* this court held that a court may grant equitable relief from the cancellation of a permit by the state engineer. Appellants, however, do not seek such relief. Rather, they assert that the second permits which they applied for should be granted on the basis of equitable estoppel.

Appellants contend that they relied to their detriment on the alleged assurances by respondent that their permits would be granted if no protests were filed. They assumed that, after the notice of the filing of their applications had been published and

the 30 days had elapsed from the last publication, they would have until April of 1977 to put the water to beneficial use. This would have been a reasonable assumption had their joint well not been located in a designated well basin. The state engineer found that the granting of any further permits would impair existing rights. Upon such a finding, respondent was prohibited by statute from approving any further permits. Appellants have cited no legal authorities for the application of equitable estoppel under these circumstances.

3. Finally, appellants contend that the failure of the district court to set out specific findings of fact and conclusions of law constitutes reversible error. NRCP 52(a) requires that:

> In all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law specifically appear as such therein.

Where the record and evidence therein is clear as to the required specific findings, the court will examine the decision and record and imply the findings. Gorden v. Gorden, 93 Nev. 494, 569 P.2d 397 (1977); Cooper v. Pacific Auto. Ins. Co., 95 Nev. 798, 603 P.2d 281 (1979).

Specific findings of fact and conclusions of law appear in the district court's decision and judgment. After discussing the evidence which led up to the petition for review, the court found that there was sufficient evidence to support the state engineer's order. The court also found that there was no basis to grant equitable relief.

We therefore conclude that the decision and judgment of the district court dismissing appellants' challenge to the order of the state engineer denying their permits should be affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.