BING CONSTRUCTION COMPANY OF NEVADA, A NEVADA CORPORATION, APPELLANT, *v.* VASEY-SCOTT ENGINEERING COMPANY, INC., A NEVADA CORPORATION; AND B. JAMES VASEY AND BRUCE R. SCOTT, INDIVIDUALLY; AND THE BORAD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY; AND THE TOWN BOARD OF THE TOWN OF MINDEN, AN UNINCORPORATED TOWN, RESPONDENTS.

No. 13426

January 27, 1984          674 P.2d 1107

*George Abbott,* Minden, for Appellant.

*Brent Kolvet,* District Attorney, Douglas County; *Manoukian, Scarpello & Alling,* and *Bill Huss,* Carson City, for Respondents.

---

[1]The Governor designated the Honorable Michael E. Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE CHIEF JUSTICE NOEL E. MANOUKIAN, who voluntarily disqualifed himself. Nev. Const., art. 6 § 4.

## OPINION

*Per Curiam:*

This is an appeal from a judgment in which the lower court determined that appellant was entitled to "additional compensation" for delays which prevented appellant from performing its contract with respondents on time. In its complaint appellant alleged that it had suffered $136,000.00 as damages due to the delay. The lower court, however, awarded only a lump sum amount of $26,000.00. The court stated: "A detailed itemization of each item disputed under each possible claim of the parties would require a decision the length of a small volume. The evidence presented has substantiated the claims that have been allowed."

After the lower court entered its judgment, appellant moved to amend the findings of fact and conclusions of law to clarify, among other things, the basis of the court's monetary award. The court denied the motion and this appeal followed. Appellant contends that the lower court's findings of fact do not adequately set forth the factual underpinnings for its monetary award. We agree.

In actions tried without a jury, the district court is required to make specific findings of fact and conclusions of law. NRCP 52(a). The findings must be sufficient to indicate the factual bases for the court's ultimate conclusions. *See* Lagrange Constr. v. Del E. Webb Corp., 83 Nev. 524, 435 P.2d 515 (1967). The lump sum damage award in the present case, without further explanation of its constituent parts, prevents effective review of the propriety of the award. Although a detailed itemization of the damage award was not necessary, the district court should have at least set forth the various categories of damages and the amount designated to each category. Accordingly, it is necessary to remand this case to the district court to set forth the basis for its monetary award.

Appellant also argues that the lower court erred in refusing to award interest on the judgment.

At the time the court entered its judgment in this case, NRS 99.040 provided in part that:

> When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 8 percent per annum upon all money from the time it becomes due, in the following cases:
> 1. Upon contracts, express or implied, other than book accounts.[1]

This provision allows for pre-judgment interest from the date the money becomes due, which date is to be determined by the trial court. Paradise Homes v. Central Surety, 84 Nev. 109, 437 P.2d 78 (1968). On remand the district court shall also determine the date the money awarded became due and award appellant interest at the rate of 8 percent per annum on the money awarded from that date. The judgment of the district court is affirmed in all other respects. This case is remanded for further proceedings consistent with the views expressed in this opinion.[2]

SPRINGER, MOWBRAY, STEFFEN, and GUNDERSON, JJ., and GUINAN, D. J.,[3] concur.

---

[1]The legislature increased the interest rate by amending the statute in 1981. See 1981 Nev. Stats. ch. 739, § 3, at 1859. The interest to be awarded under NRS 99.040 is that which is statutorily provided for at the time the judgment is entered. See Laughlin Recreational v. Zab Dev., 98 Nev. 285, 646 P.2d 555 (1982); Daniel v. Hilton Hotels Corp., 98 Nev. 113, 116 n.2, 642 P.2d 1086, 1088 (1982).

[2]This opinion will constitute our disposition of this appeal. Any review of the district court's rulings on remand shall be taken and docketed as a new appeal.

[3]The Governor designated the Honorable James J. Guinan of the Second Judicial District Court, to sit in the place of THE HONORABLE CHIEF JUSTICE NOEL E. MANOUKIAN, who voluntarily disqualified himself. Nev. Const. art. 6, § 4.