COMMERCIAL CABINET CO., INC., A NEVADA CORPORATION, APPELLANT AND CROSS-RESPONDENT, v. MORT WALLIN OF LAKE TAHOE, INC., A NEVADA CORPORATION, RESPONDENT AND CROSS-APPELLANT.

No. 16944

May 29, 1987                                    737 P.2d 515

*Lang & Leeds,* Las Vegas, for Appellant and Cross-Respondent.

*George E. Graziadei* and *Scott Michael Cantor,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

Commercial Cabinet Co., Inc. (CC) constructed a number of men's stores in various casinos in Reno and Las Vegas for Mort Wallin of Lake Tahoe, Inc. (MW). All of the stores were paneled with Philippine mahogany veneer. After the fire at the MGM hotel in Las Vegas, MW asked CC to rebuild the men's store that had been destroyed in the fire, and also to build a western store in the hotel. CC began the reconstruction work in the spring of 1981. There was no written contract, and MW just told CC to rebuild the store as it had been before the fire, using the same type of materials.

The western store and the men's store were completed in July 1981. The total cost of the men's store was $158,058.00. Herbert Kaiser, president of CC, testified that he did not receive any complaints about the quality of the work in the men's store until sometime in late October or November 1981. At that time, Mort Wallin, president of MW, told him there were some defects in the mahogany paneling. Wallin then refused to pay for the balance due on the store until the panels were refinished.

In May 1982, CC filed a complaint for monies due on various MW projects in the amount of $193,293.61. The next day MW filed a complaint asking for compensatory and punitive damages for defective work and materials in the Las Vegas MGM men's store. MW also filed an answer and counterclaim in CC's suit that was identical to the complaint. The two matters were consolidated by stipulation in August 1982.

CC won a motion for partial summary judgment pretrial, and the remaining claims of both parties were tried to the court. The court found in favor of CC in the amount of $116,714.00, and awarded MW $110,000.00 on its counterclaim for damages to the MGM Las Vegas store. Both parties appeal.

CC contends that MW failed to offer a reasonable basis for computing the amount of damage it sustained, and is therefore entitled to an award of nominal damages only. *See* Alper v. Stillings, 80 Nev. 84, 86-87, 389 P.2d 239, 240 (1964); Kelly Broadcasting v. Sovereign Broadcast, 96 Nev. 188, 193-194, 606 P.2d 1089, 1093 (1980). MW claims it is entitled to either $344,000.00 or $356,000.00, the amount MW's experts stated it would cost to replace the paneling in the store.

CC argues that an award of $344,000.00 or $356,000.00, which MW contends is the only proper award, would constitute economic waste since the cost of rebuilding the entire store after the MGM fire was only about $158,000.00. *See, e.g.,* Alaska State Housing Auth. v. Walsh & Co., Inc., 625 P.2d 831, 837 (Alaska 1980). CC also correctly notes that a money damage award must be supported by substantial evidence to be sustained because the law does not permit arriving at a figure by conjecture. A plaintiff who proves a right to damages without proving the amount as well is only entitled to nominal damages. *See Alper, supra; Kelly, supra.* The true problem here is that it is impossible to discern how the district court arrived at the $110,000.00 figure.

Nothing in the record supports the $110,000.00 figure. Neither the court's letter regarding its decision nor the findings reflect how the court arrived at this amount. MW's counsel asked for a clarification of the factual basis for the damage award, but apparently the district court did not grant his request. It appears the court found a figure it thought was fair, based on its assessment of the appearance of the blemished panels.

Rule 52(a)[1] of the NRCP states that, in actions tried without a jury, the district court *must* make specific findings of fact and conclusions of law. We have refused to review lump sum damage awards where the basis for the award is not clear. Bing Constr. v. Vasey-Scott Eng'r, 100 Nev. 72, 73, 674 P.2d 1107 (1984); *see also* Luciano v. Diercks, 97 Nev. 637, 637 P.2d 1219 (1981); Pease v. Taylor, 86 Nev. 195, 467 P.2d 109 (1970); Lagrange Constr. v. Del E. Webb Corp., 83 Nev. 524, 435 P.2d 515 (1967). This is because the court will not imply findings to support the judgment where the record is not clear. *Pease,* 86 Nev. at 197, 467 P.2d at 110. Our usual practice in cases such as this is to remand the matter to the district court to set forth the basis for its award. *Bing Constr.,* 100 Nev. at 73, 674 P.2d at 1107 (detailed itemization of damage award unnecessary, but district court should at least set forth categories of damages and amount designated to each category). Therefore, this matter is remanded to the district court so the court may provide us with a basis for the award to MW sufficient for review.

---

[1]NRCP 52(a) provides as follows:

In all actions tried upon the facts without a jury or with an advisory jury, *the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment;* and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. *Requests for findings are not necessary for purposes of review.* Findings of fact shall not be set aside

CC next contends the district court used the wrong date in its calculation of prejudgment interest. CC notes that the applicable versions of NRS 99.040 require interest "upon all money *from the time it becomes due.*" NRS 99.040, emphasis supplied. CC claims the district court erred in determining that interest became due on September 30, 1981· (30 days after completion of the MGM Las Vegas men's store), and argues that the money became due on the balance owing from the Reno MGM men's store at an earlier date. MW claims that, assuming any interest at all is due, it should run from the date of the commencement of the action.

CC relies on Brandon v. Travitsky, 86 Nev. 613, 472 P.2d 353 (1970) to support its contention. In *Brandon* we held that the district court erred by deciding that money became "due" within the meaning of NRS 99.040 by picking a "fair and equitable time for the beginning of the running of interest." *Id.* at 616, 472 P.2d at 355. We stated that the trial court should have awarded interest from the dates the various obligations became due. We also noted that it was undisputed that all obligations became due after a certain date and ordered the interest to run from that date. *Id.*

Here, in contrast, the parties dispute the date the money became due. The district court expressly found that, due to the parties' informal dealings, it was not possible to tell how CC applied monies paid by MW to its various accounts. Generally, where substantial evidence supports the trial court's decision, it will not be disturbed on appeal, particularly where the evidence is conflicting. *Brandon,* 86 Nev. at 615, 472 P.2d at 355. Since substantial evidence supports the trial court's ruling on this issue, we will not disturb it.

MW contends on its appeal that the trial court erroneously determined both damage awards, and argues that it should be awarded the cost of replacing the defective panels. It claims the proper measure of damages would be to put MW in the position it would have been in had the contract for rebuilding the MGM Las Vegas store been properly performed, i.e. the money required to remove and replace the defective panels, which is either $344,000.00 or $356,000.00. *See* Shell v. Schmidt, 330 P.2d 817 (Cal.Ct.App.), *cert. denied,* 359 U.S. 959 (1958). MW contends the economic waste rule has no application here, as CC claims,

---

unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. *If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law specifically appear as such therein.* Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion. (Emphasis supplied.)

because the breach in this case was willful. MW further argues that CC failed in its proof so it is entitled to nothing. MW also claims that, assuming CC is entitled to the $116,714.00 awarded by the district court, it (MW) is entitled to a net judgment for the difference between this amount and the $344,000.00 or $356,000.00 MW should have received.

There is substantial evidence to support the award of $116,714.00 to CC. Because this award has reasonable support in the record, and does not appear to be manifestly against the weight of the evidence, it must be affirmed. *See Brandon,* 86 Nev. at 615, 472 P.2d at 355. However, since there is no similar support for the award to MW, the case must be remanded for a clarification of the factual basis of that award. When the district court clarifies the basis for the award to MW, we will be able to determine whether it is proper.

The case is remanded to the district court for clarification of the factual basis for the damage award to Mort Wallin of Lake Tahoe, Inc. We find all other claims to be without merit, and otherwise affirm the judgment of the district court.