*746 OPINION ON REHEARING[2]

Per Curiam:

In this appeal, we consider whether prejudgment interest should be calculated pursuant to a general interest statute, NRS 99.040, or a specific interest statute, NRS 92A.340, in a dissenting shareholder action that commenced before NRS 92A.340 was enacted. We conclude that NRS 92A.340 applies.

FACTS

In 1987, respondents Unicoa Corporation shareholders Myron Chapman, Audrey Schlossberg, and Chapman Industries (collectively Chapman dissenters) dissented when Unicoa merged into appellant United Insurance Company of America (United). In 1987, the Chapman dissenters filed suit, seeking an appraisal and payment for their shares.
*747 In 1995, before a final judgment was entered in this case, the Legislature enacted NRS 92A.340, providing a specific interest rate to be applied in a dissenting shareholder action.
In 1996, the district court entered judgment for the Chapman dissenters regarding the stock’s valuation, awarded attorney fees and costs to United based on a rejected offer of judgment, and denied the Chapman dissenters prejudgment interest. The parties appealed. This court affirmed the stock valuation, but vacated the district court order awarding attorney fees and costs because the offer of judgment was invalid.
On remand, the district court entered a final judgment for the Chapman dissenters, which calculated prejudgment interest pursuant to a general interest statute, NRS 99.040. The final judgment states that the entire judgment, including principal and prejudgment interest, shall bear postjudgment interest. In the final judgment, the district court awarded attorney fees to the Chapman dissenters, based on NRS 18.010(2)(b), finding that United’s claim to calculate prejudgment interest pursuant to NRS 92A.340 was brought without reasonable ground. This appeal followed.

DISCUSSION

United argues that the district court should have calculated prejudgment interest pursuant to the specific interest statute, NRS 92A.340,[3] rather than the general interest statute, NRS 99.040.[4] Before NRS 92A.340 was enacted,[5] prejudgment interest *748 in a dissenting shareholder action was calculated under NRS 99.040.[6]
United asks us to follow our 1984 decision in Bing Construction v. Vasey-Scott Engineering[7] and conclude that NRS 92A.340 applies. We agree that Bing is controlling. In that case, a cause of action accrued prior to a statutory amendment that increased the applicable interest rate. This court concluded that the statutory rate in effect when the judgment was entered was the appropriate interest rate to apply.[8]
Applying the general rule from Bing, we conclude that the statutory rate in effect when the 1996 final judgment was entered was the appropriate rate to use in calculating prejudgment interest. NRS 92A.340 was enacted before the final judgment was entered. The fact that this case involves a special interest statute is insufficient to deviate from our standard rule set forth in Bing. Therefore, we conclude that NRS 92A.340 applies and that the district court erred in calculating prejudgment interest pursuant to the general interest statute.
Next, United argues that the district court abused its discretion in awarding attorney fees pursuant to NRS 18.010(2)(b). We agree.
NRS 18.010(2)(b) provides, in pertinent part, that a district court may award attorney fees to a prevailing party when the court finds that a claim was brought without reasonable ground or to harass the prevailing party.[9] A district court’s award of attorney fees will not be disturbed on appeal unless there is a manifest abuse of discretion.[10]
Based on our conclusion that NRS 92A.340 applies, United’s claim that prejudgment interest should be calculated pursuant to NRS 92A.340 was clearly brought with reasonable grounds. Therefore, the district court manifestly abused its discretion *749 in awarding attorney fees to the Chapman dissenters pursuant to NRS 18.010(2)(b).[11]
Finally, United argues that the district court erred in allowing the entire judgment, including prejudgment interest, to bear postjudgment interest. We agree.
This court has previously permitted an entire judgment, including prejudgment interest, to bear postjudgment interest.[12] However, NRS 92A.340, which controls the award of interest in this case, specifies that interest ‘ ‘must be computed from the effective date of the action until the date of payment.” This statute provides for a single rate of interest from the effective date of the action to the date of payment, whenever that occurs, regardless of when a judgment is entered. Thus, our general holdings regarding post-judgment interest do not apply in light of the specific provisions of NRS 92A.340. Accordingly, we conclude that the district court erred in allowing the entire judgment to bear postjudgment interest.

CONCLUSION

The statutory rate in effect when the final judgment was entered, set forth in NRS 92A.340, was the appropriate rate to calculate interest. Additionally, the district court abused its discretion in awarding fees under NRS 18.010(2)(b). Therefore, we reverse the portions of the judgment calculating interest pursuant to NRS 99.040 and awarding attorney fees, and we remand the matter for further proceedings consistent with this opinion.

On February 11, 2004, this court issued an opinion in this appeal affirming in part, reversing in part and remanding this matter to the district court for further proceedings. Appellant and respondents timely petitioned for rehearing. On May 5, 2004, we denied respondents’ petition for rehearing. On July 22, 2004, we granted appellant’s petition for rehearing pursuant to NRAP 40 and directed the clerk of this court to withdraw the previous opinion from publication.

NRS 92A.340, providing the interest rate to be applied in dissenting shareholder actions, states:
Interest payable pursuant to NRS 92A.300 to 92A.500, inclusive, must be computed from the effective date of the action until the date of payment, at the average rate currently paid by the entity on its principal bank loans or, if it has no bank loans, at a rate that is fair and equitable under all of the circumstances.

NRS 99.040(1) provides, in pertinent part:
When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the commissioner of financial institutions, on January 1 or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent, upon all money from the time it becomes due ....

When the Legislature enacted NRS 92A.340 in 1995, it repealed an earlier statute, NRS 78.477 (adopted 1991), which provided a specific interest rate to be applied in a dissenting shareholder action. When this dissenting shareholder action was commenced in 1987, neither NRS 92A.340 nor its nearly identical predecessor, NRS 78.477 (adopted 1991), existed.

See Southdown, Inc. v. McGinnis, 89 Nev. 184, 194, 510 P.2d 636, 642 (1973).

 100 Nev. 72, 674 P.2d 1107 (1984).

See id. at 74 n.1, 674 P.2d at 1108 n.1; see also Wilson v. Pacific Maxon, Inc., 102 Nev. 52, 55, 714 P.2d 1001, 1003 (1986) (concluding that the statutory rate in effect upon entry of judgment was the appropriate rate to apply, which is consistent with case law interpreting NRS 99.040 to include prejudgment and postjudgment interest).

See also Duff v. Foster, 110 Nev. 1306, 1308-09, 885 P.2d 589, 591-92 (1994) (concluding that the proper inquiry under NRS 18.010(2)(b) is whether the claim was brought without reasonable grounds), overruled on other grounds by Halbrook v. Halbrook, 114 Nev. 1455, 971 P.2d 1262 (1998).

Nelson v. Peckham Plaza Partnerships, 110 Nev. 23, 26, 866 P.2d 1138, 1139-40 (1994).

See Key Bank v. Donnels, 106 Nev. 49, 53, 787 P.2d 382, 385 (1990) (determining that, where the law was not free from doubt and a complaint presented complex legal questions concerning statutory interpretation and legislative intent, the district court abused its discretion in awarding attorney fees on the basis of NRS 18.010(2)(b)); Allianz Ins. Co. v. Gagnon, 109 Nev. 990, 995, 860 P.2d 720, 724 (1993) (noting that an award made in clear disregard of guiding legal principles may constitute an abuse of discretion).

Uniroyal Goodrich Tire v. Mercer, 111 Nev. 318, 325, 890 P.2d 785, 790 (1995) (concluding that the weight of authority in other jurisdictions favors the allowance of postjudgment interest on prejudgment interest).